**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Orville Leland DAVIS, a/k/a Michael Hamilton, Defendant–Appellant.**

No. 87–8081.

United States Court of Appeals,
Eleventh Circuit.

Jan. 7, 1988.

Robert L. Barr, Jr., U.S. Atty., William R. Toliver, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL and FAY, Circuit Judges, and ALLGOOD\*, Senior District Judge.

HILL, Circuit Judge:

Orville Leland Davis was charged with bank robbery under 18 U.S.C. § 2113(a). He pleaded not guilty by reason of insanity, and a jury returned a verdict of guilty. On appeal, Davis argues that the district court both elicited and allowed improper psychiatric testimony regarding Davis' mental capacity in violation of Fed.R.Evid. 704(b). We affirm.

At trial, the government offered considerable eyewitness testimony of bank employees who identified Davis as the robber in line-ups and in open court. Davis had visited the bank in Atlanta, Georgia on several occasions prior to the robbery. On the day of the robbery, he entered the bank carrying a pistol wrapped in a sack. He ordered the tellers to place the money from the drawers in a plastic garbage bag which he provided. One of the tellers also placed a security dye-pack inside the bag. Davis was arrested in the vicinity of the bank by a police officer who saw him carrying a garbage bag with holes in it through which the officer could see money covered with red dye.

Davis argued that he was insane at the time of the robbery.[1] He introduced the testimony of three prisoners who were housed with him in the Douglas County

Jake Waldrop, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

---

\* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Because the robbery took place in July of 1984, the parties agreed before trial that the insanity issue would be governed by the law as it existed prior to the Comprehensive Crime Control Act of 1984 (effective October 12, 1984), which changed the test for insanity and shifted the burden of proof to the defendant. Thus, in this case, the government had the burden of proof and the issue was whether the defendant lacked "substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law." *Blake v. United States*, 407 F.2d 908, 916 (5th Cir.1969) (en banc).

Jail. They testified that they had seen personality changes in Davis. Appellant then called Dr. George Burton Greaves, a clinical psychologist, who had not interviewed Davis, but had reviewed the psychiatric evaluation prepared by the government. Dr. Greaves described the condition known as multiple personalities, but he was unable to determine conclusively whether or not Davis had the condition. In rebuttal, the government called Dr. Donald R. Butts, a psychiatrist, who testified that he had diagnosed Davis as having an antisocial personality disorder. He also described that disorder for the court.

■ Appellant argues that two portions of psychiatric testimony were admitted in violation of Fed.R.Evid. 704(b),[2] which prohibits experts from "stat[ing] an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." Congress added this prohibition to the rule "to eliminate the confusing spectacle of competing expert witnesses testifying to directly contradictory conclusions as to the ultimate legal issue to be found by the trier of fact." S.Rep. No. 225, 98th Cong., 1st Sess. 230, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3412.

The first testimony Davis challenges was elicited from Dr. Greaves by the court.[3] The court inquired whether a finding that a person suffers from multiple personalities, in and of itself, indicates that a person is unable to understand what he is doing. Dr. Greaves responded in the negative. We conclude that this testimony was not prohibited by Rule 704(b).

Appellant was attempting to establish that he had multiple personalities and that the condition affected his ability to conform his conduct to the law. That was his defense. In order for the jury to assess the validity of this defense, it was essential that the nature of the condition be fully explained, including its typical effect on a person's mental state. Expert psychiatric testimony may, and often must, include "presenting and explaining their diagnoses, such as whether the defendant had a severe mental disease or defect and what *the characteristics of such a disease* or *defect,* if any, may have been." S.Rep. No. 225, 98th Cong., 1st Sess. 230, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3412 (emphasis added). The testimony elicited by the court did no more than describe a characteristic of the condition of multiple personalities, which the defendant asserted that he had. The testimony did not include an opinion as to Davis' capacity to conform his conduct to the law at the time of the robbery, and thus was not inadmissible.

■ Davis also objects to a portion of testimony given by the government's expert, Dr. Butts, who testified that Davis exhibited an antisocial personality, a nonpsychotic condition. The prosecuting attorney posed a hypothetical for Dr. Butts which tracked the facts of the robbery in this case, and asked whether that behavior was representative of an antisocial personality. Over the defendant's objection, Dr. Butts was permitted to answer that the behavior was consistent with that condition. We again conclude that this testimony was not prohibited by Rule 704(b).

The government's witness testified that Davis did not have multiple personalities, but was simply exhibiting an antisocial personality. Congress clearly intended that a witness in these circumstances would describe the antisocial personality condition fully, and explain why he diagnosed the defendant as exhibiting that condition. There is nothing in Rule 704(b) that prohibits the expert from testifying that the defendant's behavior was consistent with that diagnosis. Dr. Butts at no time stated that

**2.** The parties agree that Rule 704(b), which was enacted after the commission of the crime, applies here. It is clear that the retroactive application of the rule in this case did not run afoul of the ex post facto clause of the United States Constitution. *See United States v. Alexander,* 805 F.2d 1458, 1461–62 (11th Cir.1986).

**3.** The government argues that appellant did not object to this testimony in a manner that preserved the issue for appeal. We conclude, however, that the record contains sufficient evidence that the court was aware of appellant's objection to the testimony.

Davis could or could not conform his conduct to the law at the time of the robbery; rather, he diagnosed and defined Davis' condition and indicated that Davis' behavior supported the diagnosis.

Our conclusion is supported by the decision in *United States v. Edwards*, 819 F.2d 262, 265 (11th Cir.1987), where this court permitted expert testimony which "explained why the defendant's behavior ... did not necessarily indicate an active manic state." That testimony evaluated the relationship between the defendant's behavior and an allegedly diagnosed condition. Similarly, in the present case Dr. Butts' testimony simply explained how the defendant's behavior was consistent with Butts' diagnosis.

We conclude that there was no error in the admission of psychiatric testimony, and the judgment of the district court is

AFFIRMED.