Robert Philip SPUDICH, Appellant,

v.

Charles E. SMARR, Supervisor, Division of Liquor Control for the State of Missouri, Appellee.

No. 90–2280WM.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1991.

Decided April 29, 1991.

---

Harry D. Boul, Columbia, Mo., for appellant.

Deborah Ground Buckner, Jefferson City, Mo., for appellee.

Before FAGG, SNEED *, and LOKEN, Circuit Judges.

SNEED, Circuit Judge:

This case involves whether Missouri Revised Statutes Section 311.098 violates the equal protection clause of the Fourteenth Amendment.

## I.

### Facts and Proceedings Below

Appellant, Robert Spudich, is the owner and operator of a business establishment in Springfield, Missouri, known as Billiards of Springfield. He applied for a Sunday liquor license under Missouri Revised Statutes Section 311.098, which provides in pertinent part:

> [A]ny person who possesses the qualifications required by this chapter, and who now or hereafter meets the requirements of and complies with the provisions of this chapter, may apply for, and the supervisor of liquor control may issue, a license to sell intoxicating liquor, as in this chapter defined, between the hours of 1:00 p.m. and midnight on Sunday by the drink at retail for consumption on the premises of any amusement place as described in the application. As used in this section the term *"amusement place"* means any establishment whose business building contains a square footage of at least ten thousand square feet, and *where games of skill commonly known as bowling or soccer are usually played,* and which has annual gross receipts of at least two hundred thousand dollars of which no more than fifty per-

---

\* Honorable Joseph T. Sneed, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

cent may be derived from the sale of alcoholic beverages.

Mo.Ann.Stat. § 311.098 (Vernon Supp.1991) (emphasis added).

Appellant's business establishment meets all of the requirements of an "amusement place" except that neither bowling nor soccer are played there. Accordingly, his request for a liquor license was denied by the Missouri Division for Liquor Control.

On June 30, 1989, Spudich filed a civil rights action under 42 U.S.C. §§ 1983 and 1988 against Charles Smarr, the Supervisor of Liquor Control of the State of Missouri, to enjoin enforcement of section 311.098 by Smarr. Spudich asserted that the statute under which Smarr purports to act violates the equal protection clause of the Fourteenth Amendment. In his complaint, Spudich claims that there are bowling alleys which compete with his business that have obtained Sunday liquor licenses. Spudich also claims that some of these bowling alleys offer games of billiards. Lastly, Spudich contends that these bowling alleys are attracting his customers on Sundays because they are able to sell liquor.

On July 16, 1990 the district court granted Smarr's motion for summary judgment. The district court held that Missouri Revised Statute Sections 311.098 does not violate the equal protection clause of the Fourteenth Amendment.

Spudich appeals the decision of the district court. This court has jurisdiction to hear this appeal under 28 U.S.C. § 1291 (1988).

## II.

### Standard for Summary Judgment

When reviewing the district court's entry of summary judgment, we apply the same standard the district court used in granting the motion for summary judgment. *See Jewson v. Mayo Clinic,* 691 F.2d 405, 408 (8th Cir.1982). Under Federal Rule of Civil Procedure 56(c), the motion for summary judgment should be sustained "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In performing the analysis under Rule 56(c), we are required to view all facts in the light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *See Robinson v. Monaghan,* 864 F.2d 622, 624 (8th Cir.1989).

## III.

### Discussion

■ Section 311.098 is an economic regulation that is concerned with control of the liquor business in the state of Missouri. The statutory classification does not interfere with fundamental rights and is not based on a suspect class. As such, the classification is presumed constitutional, and it need only be rationally related to a legitimate state interest. *See New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976); *Carolan v. City of Kansas City, Missouri,* 813 F.2d 178, 181–82 (8th Cir.1987).

■ There is an added presumption in favor of the validity of state regulation in the area of liquor control. *See California v. LaRue,* 409 U.S. 109, 118–19, 93 S.Ct. 390, 397, 34 L.Ed.2d 342 (1972). A state has broad power to regulate the times, places, and circumstances under which it will permit the sale of liquor. *See New York State Liquor Auth. v. Bellanca,* 452 U.S. 714, 715, 101 S.Ct. 2599, 2600, 69 L.Ed.2d 357 (1981) (per curiam). Although this power is not absolute, *see Craig v. Boren,* 429 U.S. 190, 210, 97 S.Ct. 451, 463, 50 L.Ed.2d 397 (1976) (holding that an Oklahoma statute, which forbade the sale of 3.2% beer to females under the age of eighteen and to males under the age of twenty-one, violated the equal protection clause), a state's power to regulate the

liquor industry "allows the widest discretion and is subject to minimal demands of the Fourteenth Amendment's due process and equal protection requirements." *Parks v. Allen*, 426 F.2d 610, 613 (5th Cir.1970).

■ The Missouri legislature's interest in enacting a scheme of liquor control laws is to protect the health and safety of Missouri citizens while also providing for appropriate recreational enjoyment. Based upon Missouri's broad power to regulate when and where liquor is sold, this is clearly a legitimate interest. *See e.g.* U.S. Const. amend. XXI, § 2; *New York State Liquor Auth.*, 452 U.S. at 715, 101 S.Ct. at 2600; *Craig*, 429 U.S. at 205–06, 97 S.Ct. at 461. Consequently, the only question that this court must answer is whether the classification created by section 311.098 is rationally related to this purpose.

■ A statutory classification does not offend the Fourteenth Amendment unless it rests on grounds "wholly irrelevant" to the achievement of the state's objective. *See McGowan v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 1104, 6 L.Ed.2d 393 (1961). "State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality." *Id.* at 425–26, 81 S.Ct. at 1105.

■ There is no legislative history available to this court concerning the reasoning of the Missouri legislature in enacting section 311.098. However, we cannot set aside a legislative classification within the context of liquor regulation if there is any set of facts that can reasonably be conceived to justify it. *Id.* at 426, 81 S.Ct. at 1105. We hold that such reasons are present in this case. The legislature may reasonably have believed that allowing the sale of liquor at certain family-oriented sports facilities, such as bowling alleys and soccer stadiums, would provide a relaxing atmosphere that would enhance the recreational aspect of the day without significantly increasing the threat of disruptive activity in the community.

Alternatively, the legislature reasonably could have believed that billiard parlors, as well as all other activities not described in Missouri Revised Statutes Section 311.098, and not otherwise dealt with specifically in other sections, represented a greater threat of disruptive behavior. Billiards differs from soccer and bowling both in the pace of play and the physical exertion of the players. The pace of the former is fairly slow, while that of the latter two is fairly quick. The former requires less physical work by the participants than do soccer and bowling. It reasonably could have been thought that these differences contribute to a more reasonable consumption of alcohol by participants and their audience in the case of soccer and bowling than in billiards. We hasten to add that the record reveals no specific reason for the distinction that the statute draws between soccer and bowling, on the one hand, and billiards, on the other.

The appellant alleges that some bowling alleys that serve liquor on Sunday also have billiard tables on the premises. We do not know the relative size of these two activities in the instances in which they exist. We can only observe that one bowling alley along side a space of nine thousand square feet of billiard tables is not a bowling alley. Likewise, nine thousand square feet of bowling alleys and one billiard table is not a billiard parlor. At some point the character of a place will change for the purposes of section 311.098 as the relationships of the portions of its activities is altered. However, the record in this case does not present that kind of issue.

Accordingly, we find that section 311.098 creates a classification that furthers a legitimate state interest.

AFFIRMED.