UNITED STATES of America, Appellee,

v.

Steven Carrie BLUMBERG, Appellant.

No. 91–2794.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 21, 1992.

Decided April 13, 1992.

Rehearing and Rehearing En Banc Denied May 21, 1992.

788

Dean Stowers, Des Moines, Iowa, argued (Raymond Rosenberg, on brief), for appellant.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, argued, for appellee.

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

The Government charged Steven Carrie Blumberg with conspiracy to transport and possess stolen property in violation of 18 U.S.C. § 371 (Count I), two counts of transportation of stolen property in violation of 18 U.S.C. § 2314 (Counts II and III), and possession and concealment of stolen property in violation of 18 U.S.C. § 2315 (Count IV). Blumberg admitted he committed the acts, but asserted he was not guilty by reason of insanity. The jury rejected Blumberg's insanity defense and convicted him. The district court sentenced Blumberg to imprisonment for 71 months and

fined him $200,000. Blumberg appeals his conviction and sentence. We affirm.

To prove his insanity defense, Blumberg had to show he had a severe mental disease or defect that rendered him unable to appreciate the nature and quality or the wrongfulness of his acts. *See* 18 U.S.C. § 17 (1988). At Blumberg's trial, two defense experts testified Blumberg suffered from a delusional disorder. The defense asked one of its psychiatric experts whether Blumberg's delusional disorder was a severe mental disorder. The expert responded affirmatively. The Government's expert witness testified Blumberg had no delusions or severe mental disorder or defect. Relying on Federal Rule of Evidence 704(b), the district court did not allow the expert witnesses to state whether Blumberg was able to appreciate the nature and quality or the wrongfulness 'of his actions.

Although Rule 704(a) generally allows an expert witness to give opinion testimony embracing an ultimate issue for the factfinder, Rule 704(b) provides an exception: "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion ... [that] the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense [to the crime charged]." Fed. R.Evid. 704; *see United States v. Kristiansen,* 901 F.2d 1463, 1466 (8th Cir.1990).

■ Blumberg contends Rule 704(b) violated his due process right to present relevant expert opinion evidence in support of his insanity defense. We disagree. Rule 704(b) does not exclude any evidence of a defendant's insanity. *United States v. Alexander,* 805 F.2d 1458, 1462 (11th Cir. 1986); *United States v. Freeman,* 804 F.2d 1574, 1576 (11th Cir.1986); *United States v. Mest,* 789 F.2d 1069, 1071–72 (4th Cir.), *cert. denied,* 479 U.S. 846, 107 S.Ct. 163, 93 L.Ed.2d 102 (1986). Indeed, the rule allows admission of every fact about the defendant's mental condition, including the expert's diagnosis, the characteristics of the particular mental disease or defect, and the expert's opinion about the defendant's mental state and motivation at the time of the

crime. *Kristiansen,* 901 F.2d at 1466; *United States v. Manley,* 893 F.2d 1221, 1223 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 259, 112 L.Ed.2d 216 (1990). This is enough information for the jury to make a sensible determination of sanity as required by *Ake v. Oklahoma,* 470 U.S. 68, 82, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985). The rule merely forbids both defense and government experts from telling the jury what its finding should be on the ultimate issue in the case. *Kristiansen,* 901 F.2d at 1466; *Manley,* 893 F.2d at 1223; *Alexander,* 805 F.2d at 1462. Instead, the rule gives the jury authority to decide whether the defendant meets the legal test for insanity. *Freeman,* 804 F.2d at 1576. Because Rule 704(b) does not exclude evidence, the rule does not violate due process. *Id.*

Blumberg also asserts Rule 704(b) violates the Equal Protection Clause. Blumberg contends the rule restricts his right to present opinion testimony without sufficient justification. Blumberg asserts the rule discriminates against criminal defendants who raise an insanity defense because opinion testimony on the ultimate issue of sanity is admissible in other criminal and civil proceedings involving a person's mental state.

■ Unless a legislative classification is based on a suspect class or interferes with a fundamental right, the classification is presumed constitutional. *See Spudich v. Smarr,* 931 F.2d 1278, 1280 (8th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 192, 116 L.Ed.2d 152 (1991). To withstand scrutiny, the classification need only be rationally related to a legitimate governmental interest. *See id.* Blumberg does not assert he is a member of a suspect class. Instead, he asserts his right to present witnesses is fundamental. Although the right to present witnesses is fundamental in the context of due process, the right is limited. *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). When presenting witnesses, the defendant "must comply with established rules of ... evidence designed to assure both fairness and reliability in the ascer-

tainment of guilt and innocence." *Id.* We conclude rational basis review applies to Blumberg's equal protection claim. *See Alexander,* 805 F.2d at 1462–63.

■■■ Congress amended Rule 704(b) "to eliminate the confusing spectacle of competing expert witnesses [giving] directly contradictory conclusions [about] the ultimate legal issue to be found by the trier of fact." S.Rep. No. 225, 98th Cong., 1st Sess. 230, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3412. This is a legitimate governmental interest. *Alexander,* 805 F.2d at 1463. The rule's exclusive application to criminal defendants is rationally related to that interest. Congress has broad authority over criminal defendants and routinely classifies persons on this basis. *United States v. Sahhar,* 917 F.2d 1197, 1201 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1591, 113 L.Ed.2d 655 (1991). Although psychiatrists give their opinion on ultimate issues in court reports filed in cases involving offenders with a mental disease or defect); *see also id.* §§ 4242(a), 4243(e). We conclude Rule 704(b) does not violate the Equal Protection Clause. *Alexander,* 805 F.2d at 1463.

Second, Blumberg asserts the district court should have given his proposed supplemental instruction in response to a jury question relating to the insanity defense. The original instructions defined the elements of the insanity defense as follows: "(1) At the time the crimes charged were committed [Blumberg] had a severe mental disease or defect; and (2) As a result of that severe mental disease or defect, [Blumberg] was unable to appreciate the nature and quality or the wrongfulness of his acts."

After the jury began deliberating, it sent a note to the court asking, "Is the term, 'severe mental disease or defect,' synonymous with delusion as used in this case?" During the ensuing conference between the attorneys and the court, the defense suggested a supplemental instruction that stated: "If you find that the evidence established that the defendant suffered from a delusional disorder at the time of the act or acts as charged ... you may, but are not

required, to conclude that the defendant suffered from a severe mental disease or defect." Believing further instruction would invade the province of the jury as the ultimate fact finder, the court rejected the defense's instruction and told the jurors they should answer the question for themselves by examining the evidence.

■■■ The necessity and content of supplemental instructions is within the district court's discretion. *See United States v. White,* 794 F.2d 367, 370 (8th Cir.1986). "[Q]uestions from a deliberating jury present a dilemma for a trial court. The court must be careful not to invade the jury's province as fact-finder. Nevertheless, the court must respond to questions concerning important legal issues." *United States v. Nunez,* 889 F.2d 1564, 1569 (6th Cir.1989). " 'The definition of mental disease or defect is essentially a factual, medical question, not a legal issue.' " *United States v. Smeaton,* 762 F.2d 796, 798 (9th Cir.1985) (quoted case omitted). As part of its fact-finding function, the jury must decide whether the defendant's mental problem constitutes a severe mental disease or defect. *See id.* To decide this question, the jury must evaluate the evidence, including conflicting expert testimony of psychiatrists. *See id.* Because the jury's question addressed a factual matter, the district court did not abuse its discretion in declining to further instruct the jury.

Third, Blumberg asserts the district court committed error in increasing his base offense level by four levels for his role in the offense. The district court based the increase on two grounds: that Blumberg was an organizer or leader of criminal activity involving five or more participants and that the criminal activity was otherwise extensive. U.S.S.G. § 3B1.1(a) (Nov. 1990). Either of these grounds warrants enhancement under section 3B1.1. *United States v. Harry,* 960 F.2d 51, 54 (8th Cir.1992).

■■■ When evaluating a defendant's role in the offense, the court considers several factors, including:

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 n. 3. We have recognized a broad definition of the term "organizer or leader." *United States v. Manuel,* 912 F.2d 204, 207 (8th Cir.1990). A "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 n. 1. When deciding whether an organization is "otherwise extensive," the sentencing court may consider everyone involved during the course of the entire offense. *Id.* n. 2. We review the finding that Blumberg was an organizer or leader for clear error. *See Manuel,* 912 F.2d at 207.

Blumberg initially contends the district court failed adequately to state the factual and legal bases for its finding. After both parties argued the role in the offense issue at sentencing, the district court asked the prosecutor to identify the participants in Count IV again and to specifically address their criminal responsibility for Blumberg's possession of the stolen goods. The prosecutor named six persons and described their involvement, and defense counsel responded. The court then summarily found Blumberg was the organizer or leader of criminal activity that involved at least five participants and the activity was otherwise extensive. Although the district court did not explain its reasoning, it is clear to us the district court adopted the prosecutor's explanation.

Blumberg also asserts the district court impermissibly considered collateral conduct in making its finding. Under the guidelines in effect before November 1990, we had held "[s]ection 3B1.1 is an enhancement for [the] defendant's role in the offense of conviction, not [the defendant's] role in collateral conduct." *United States v. Streeter,* 907 F.2d 781, 792 n. 4 (8th Cir.1990); *see United States v. Sutera,* 933 F.2d 641, 649 (8th Cir.1991). Nevertheless, a court could consider a defendant's leadership role over acts that furthered the offense of conviction. *Sutera,* 933 F.2d at 649. In November 1990, new introductory commentary to part B of chapter three became effective. The amended commentary states, "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) ... and not solely on the basis of elements and acts cited in the count of conviction." In a single sentence in his opening brief, Blumberg asserts the amendment's substantive change "to [his] detriment ex post facto prohibited its use at his sentencing over his objection."

Assuming Blumberg preserved the issue for appeal, we need not decide whether application of the amended guideline violates the Ex Post Facto Clause. The sentencing transcript reveals the district court considered only Blumberg's role in the Count IV offense, possession of stolen property. To commit this crime, a defendant must possess property that has "crossed a [s]tate ... boundary after being stolen." 18 U.S.C. § 2315; *United States v. Zabel,* 702 F.2d 704, 707 (8th Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983). Thus, under the preamended guideline, the district court could consider the theft and interstate transportation of the property.

We agree with the district court that Blumberg led and organized the conduct involved in the Count IV offense—possession of books, stained glass windows, and other objects—and that this offense involved five or more participants and was an "otherwise extensive" criminal activity. The evidence established that Blumberg stole thousands of books over a fifteen year period from over 150 institutions throughout the United States. The books are worth more than $5 million. Although Blumberg usually stole the books himself, Brian Teeuwe and Kenneth Rhodes participated in the thefts on a few occasions. Rhodes also guarded Blumberg's Ottumwa

house where the books were kept, and both Rhodes and Teeuwe helped Blumberg move the books over state lines. Others helped Blumberg transport the books interstate. Lyn Tupper received several shipments of stolen books for Blumberg, and codefendants Dwaine Olson and Kenneth Broden helped move the stolen books from Minnesota to Iowa. Based on the record, we conclude the district court did not commit clear error.

Fourth, Blumberg contends the trial court incorrectly added one criminal history point for a 1973 burglary conviction because the burglary was part of the same course of conduct or common scheme or plan as the offenses in this case. *See* U.S.S.G. § 1B1.3(a)(2) (relevant conduct provision). The burglary involved Blumberg's removal of doorknobs and stained glass windows from an empty dwelling in Minneapolis. At trial, the Government introduced evidence of this burglary, Blumberg's other "obituary burglaries," and his book thefts as earlier bad acts under Federal Rule of Evidence 404(b).

Under U.S.S.G. § 4A1.1, a defendant is given criminal history points for past sentences. A "prior sentence" is "any sentence previously imposed ... for conduct not part of the [current] offense." U.S.S.G. § 4A1.2. Although the district court must consider conduct that is part of the current offense as relevant conduct rather than a past sentence, *United States v. Query*, 928 F.2d 383, 386 (11th Cir.1991), we do not believe the burglary was part of the offenses for which Blumberg was convicted in this case.

Conduct is not part of the offense of conviction when the conduct is a severable, distinct offense. *United States v. Beddow*, 957 F.2d 1330, 1338 (6th Cir.1992); *United States v. Banashefski*, 928 F.2d 349, 353 (10th Cir.1991); *see United States v. Walling*, 936 F.2d 469, 471 (10th Cir.1991). To make this factual determination, the district court considers several factors, including temporal and geographical proximity, common victims, and a common criminal plan or intent. *Beddow* at 1338. We review the district court's finding for clear error. *Id.; see United States v. Lowe*, 930 F.2d 645, 646–47 (8th Cir.1991).

In our view, Blumberg's conduct in the 1973 burglary was severable from the offenses for which he was convicted in this case. Here, the conspiracy and transportation counts relate to stained glass window hangings stolen from a natural foods store and musical equipment stolen from a rock band. The indictment charged that the conspiracy began in January 1990 and that the thefts and transportation occurred in 1990. The possession count referred to stolen books, stained glass window hangings, and musical equipment transported across a state boundary. The indictment charged Blumberg with possession of these items in 1990. Thus, the burglary occurred before the conduct charged in the indictment. Moreover, the burglary targeted a different victim and involved a different accomplice. We conclude the district court's finding that the 1973 burglary conviction was not part of the offenses of conviction is not clearly erroneous.

Fifth, Blumberg asserts the district court should have subtracted from his sentence time spent under pretrial house arrest. Under 18 U.S.C. § 3585(b), a defendant is entitled to credit for time spent in "official detention" before the sentence begins. We recently held, however, that house arrest restrictions placed on a defendant as conditions of pretrial release do not constitute official detention within the meaning of section 3585(b). *United States v. Wickman*, 955 F.2d 592, 593 (8th Cir.1992) (en banc) (citing *Villaume v. United States Dep't of Justice*, 804 F.2d 498, 499 (8th Cir.1986) (per curiam), *cert. denied*, 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987)). In addition, the Attorney General rather than the district court must determine credit for pretrial confinement. *United States v. Wilson*, —— U.S. ——, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Thus, the district court properly declined to credit Blumberg for time spent under pretrial house arrest.

Accordingly, we affirm Blumberg's conviction and sentence.