**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James AUSTIN, Defendant–Appellant.**

**No. 92–3013.**

United States Court of Appeals,
Tenth Circuit.

Dec. 22, 1992.

Mark W. Works of Works, Works & Works, Topeka, KS, for defendant-appellant.

Thomas G. Luedke, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with him on the brief), D. of Kan., Topeka, KS, for plaintiff-appellee.

Before LOGAN, TACHA and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

Defendant James Austin appeals his conviction for assaulting a correctional officer at the Federal Penitentiary in Leavenworth, Kansas, in violation of 18 U.S.C. § 111(a)(1). This court previously reversed a prior conviction for the same offense and ordered a new trial. *United States v. Austin*, 933 F.2d 833 (10th Cir.1991). After a second trial, defendant was again convicted; this appeal follows.

I

■ Before his second trial, defendant was granted a psychiatric examination to determine his competency and sanity. This examination was conducted by Roy Lacoursiere, M.D., who found defendant competent to stand trial, but who also concluded that defendant was incompetent at the time of the offense. At trial, the district court refused to permit either side to offer opinion evidence regarding the ultimate issue of defendant's sanity at the time of the offense, in accordance with Fed.R.Evid. 704(b).

Lacoursiere testified for the defense, but was not allowed to testify as to his conclusion regarding defendant's mental condition as it affected the elements of the crime charged. On rebuttal, the prosecution presented testimony from Harold Voth, M.D., who had also examined defendant. The exchange challenged on this appeal was as follows:

Q: Now, Dr. Voth, did you diagnose the defendant in this case?

A: Yes, I did. First of all, I was trying to decide whether he was, in fact, suffering from a psychosis, that means whether he's insane. And I decided he was not. He said such things as, "I realize I can't win it," meaning his conflict, his running battle with the prison officials.

IV R. at 269–70. Defendant argues that this statement constituted an opinion on the ultimate issue to be decided by the jury, in contravention of Rule 704(b). However, he did not object to this testimony when it was presented at trial; consequently, we will reverse only if admission of the statement constitutes plain error. *United States v. Hollis*, 971 F.2d 1441, 1454 (10th Cir.1992). "Plain error is *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." *Id.* (internal quotations omitted).

Rule 704(b) provides:

No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state

an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

In context, we are satisfied that the testimony to which defendant objects would be understood to be only Voth's diagnosis of defendant's current mental condition, a subject not within the prohibition of Rule 704(b). Voth did not testify as to defendant's mental state relative to the elements of the offense. When asked the purpose of his examination of defendant, Voth answered: "To assess his mental status, particularly whether he's psychotic or not...." IV R. at 267. Later, Voth stated that "the issue here is whether this gentleman is schizophrenic or not. No, I don't think so." *Id.* at 274. In context, Voth's testimony did not create an inference that defendant was mentally incompetent at the time of commission of the offense,[1] and its admission was not plain error.

## II

■ Defendant also argues that Fed. R.Evid. 704(b) is unconstitutional; that it violates his due process and equal protection rights. Rule 704(b) was enacted by Congress as part of the Insanity Defense Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837, 2067–68, which modified the presentation of the insanity defense at federal trials. Its purpose was to limit expert psychiatric testimony to such issues as "whether the defendant had a severe mental disease or defect and what the characteristics of such a disease or defect, if any, may have been." S.Rep. No. 225, 98th Cong., 2d Sess. 230, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3412. Defendant argues that Rule 704(b) violates his due process rights because it prevents him from presenting a defense, and that it offends equal protection guarantees because it singles out for disparate treatment those criminal defendants relying on a state of mind defense.

■ As recently stated by the Eighth Circuit, "Rule 704(b) does not exclude any evidence of a defendant's insanity." *United States v. Blumberg*, 961 F.2d 787, 789 (8th Cir.1992). A defendant is permitted to present evidence concerning the existence of a mental disease or defect and the characteristics and manifestations of such a condition. All that is forbidden by Rule 704(b) is expert testimony concerning whether the defendant had the legal intent necessary to be convicted of the crime charged, leaving that determination for the jury. Thus, "[b]ecause Rule 704(b) does not exclude evidence, the rule does not violate due process." *Id.* Accord *United States v. Freeman*, 804 F.2d 1574, 1576 (11th Cir.1986).

■ Defendant's equal protection argument is equally unavailing. Unless the challenged classification is based on a suspect class or encroaches upon a fundamental right, it need only be rationally related to a legitimate governmental interest. *United States v. Doyan*, 909 F.2d 412, 416 (10th Cir.1990). Defendant argues that the rule encroaches upon his right to present witnesses in his defense, which has been recognized as fundamental by the Supreme Court—albeit in the context of due process rather than equal protection. *See Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). This right is not absolute, however. In *Chambers*, the Court noted that, in exercising this right, a defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* Defendant thus has a fundamental right to present witnesses in his own defense, but only in conformance with rules of procedure and evidence that promote fairness and reliability. Therefore, if Rule 704(b) furthers these goals,

---

1. In its order granting a psychiatric evaluation, the district court did instruct the evaluating doctor to determine "whether defendant was, at the time of the acts constituting the offense described in the Indictment, unable to appreciate the nature and quality or the wrongfulness of his acts." I R. tab 76, at 1. However, no testimony on this aspect of the evaluation was permitted.

defendant's right to present witnesses would not be infringed by its application to him.

Rule 704(b) promotes fairness by eliminating confusing and often conflicting expert testimony concerning "the ultimate legal issue to be found by the trier of fact." S.Rep. No. 225 at 230, 1984 U.S.C.C.A.N. at 3412. The rule prevents a confusing "battle of the experts" and preserves the decision on the ultimate issue of state of mind for the jury, rather than leaving it in the hands of retained experts. The rule promotes reliability by preventing testimony on the legal connotations of a medical diagnosis, a role the American Psychiatric Association admits that psychiatrists are not qualified to fill:

> [I]t is clear that psychiatrists are experts in medicine, not the law. As such, it is clear that the psychiatrist's first obligation and expertise in the courtroom is to "do psychiatry," i.e., to present medical information and opinion about the defendant's mental state and motivation and to explain in detail the reason for his medical-psychiatric conclusions. When, however, "ultimate issue" questions are formulated by the law and put to the expert witness who must then say "yea" or "nay," then the expert witness is required to make a leap in logic. He no longer addresses himself to medical concepts but instead must infer or intuit what is in fact unspeakable, namely, the probable relationship between medical concepts and legal or moral constructs such as free will.

*Id.* at 231, 1984 U.S.C.C.A.N. at 3413 (quoting American Psychiatric Association Statement on the Insanity Defense 18–19 (1982)). Because Rule 704(b) promotes fairness and reliability, defendant's fundamental right to present witnesses has not been infringed, and Rule 704(b) need only be rationally related to a legitimate governmental interest to survive equal protection scrutiny.

The Eleventh Circuit has held that "Rule 704(b) was rationally drawn to advance the compelling governmental interest of insuring that juries, as the ultimate finders of fact, should be left to make the insanity determination without having to be subjected to a confusing battle of the experts." *United States v. Alexander*, 805 F.2d 1458, 1463 (11th Cir.1986). This is clearly a legitimate governmental interest. Applying the rule solely to those criminal defendants raising a defense based on state of mind is rationally related to that interest. We therefore agree with the Eighth Circuit, *see Blumberg*, 961 F.2d at 790, and the Eleventh Circuit, *see Alexander*, 805 F.2d at 1463, that Rule 704(b) does not offend the constitutional guarantee of equal protection, as that concept applies to the federal government through the Due Process Clause of the Fifth Amendment, *see Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954).

AFFIRMED.