39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Kent PORTER, Plaintiff-Appellant,
v.
David WALTERS, Governor; Larry A. Fields, Defendants-Appellees.
 No. 94-6252.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Porter, a state inmate and pro se litigant, commenced this action requesting a declaration that the Oklahoma Prison Overcrowding Emergency Powers Act (Okla.Stat. tit. 57, Secs. 570-576 (West 1991)) is unconstitutional. The district court concluded Mr. Porter's complaint was frivolous and dismissed it pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 Mr. Porter appeals this decision. We are not persuaded by Mr. Porter's brief.
 
 
 4
 As we cannot improve upon the cogent reasoning utilized in the district court, we AFFIRM the judgment of the district court for substantially the same reasons set forth in the magistrate judge's Report and Recommendation dated June 20, 1994, a copy thereof being attached. The mandate shall issue forthwith.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 6
 James Porter, Plaintiff,
 
 
 7
 vs.
 
 
 8
 Governor Walters, ex rel. State of Oklahoma, et al., Defendants.
 
 
 9
 CIV-94-822-C.
 
 
 10
 June 20, 1994.
 
 REPORT AND RECOMMENDATION
 
 11
 Plaintiff, an Oklahoma inmate, has been permitted to file in forma pauperis this civil rights action pursuant to 42 U.S.C. Sec. 1983. The form Complaint seeks equitable relief in the form of a declaratory judgment, naming both Oklahoma Governor David Walters and Oklahoma Department of Corrections Director Larry Fields as Defendants. The matter has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. Sec. 636(b)(1)(B). For the reasons stated herein, it is recommended that the Complaint be dismissed upon filing pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 12
 The in forma pauperis statute, 28 U.S.C. Sec. 1915(d), contemplates preliminary consideration prior to invoking the process of the court to determine whether the complaint is frivolous, improper, or obviously without merit. Phillips v. Carey, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim may be dismissed as factually frivolous if the facts alleged are "clearly baseless," including allegations that are "fanciful," "fantastic," or "delusional." Id. at 325, 327, 328. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). A complaint is legally frivolous if it is based on an "indisputably meritless legal theory" such as an "infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. at 327.
 
 
 13
 Plaintiff's claim for declaratory relief is based on a meritless legal theory, and Plaintiff cannot make a rational legal argument in support of his cause of action. The Complaint purports to state a claim of denial of due process and equal protection as well as a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Construing the pro se form Complaint broadly, Plaintiff alleges that the exercise of prosecutorial discretion renders the Oklahoma Prison Overcrowding Emergency Powers Act, Okla.Stat., tit 57, Secs. 570-576 (West 1991) (the "Act") unconstitutional because prosecutors are "selectively picking" those offenders who will or will not benefit from the Act.
 
 
 14
 Plaintiff's form Complaint and supporting brief are fraught with conjecture and speculation but are bereft of facts showing Plaintiff has encountered a "distinct and palpable" injury that would provide sufficient standing for this lawsuit. Warth v. Seldin, 422 U.S. 490, 501 (1975). See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (injury must be real, not abstract, to give standing to sue). See also Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986) (in civil rights action, plaintiff must assert his or her own constitutional rights). Plaintiff alleges that some inmates are being denied the opportunity to earn emergency time, or "CAP," credits to hasten their release from prison and that in general some inmates are being subjected to overcrowded prison conditions for a longer period of time because they are ineligible to receive "CAP" credits. Plaintiff has failed to allege violations of his personal constitutional rights. Although it is conceivable that Plaintiff could amend his Complaint to allege that he is denied the benefit of receiving "CAP" credits, the following findings clearly show that Plaintiff's cause of action is frivolous and, therefore, subject to dismissal under Sec. 1915(d). Thus, the issue of whether Plaintiff is entitled to leave to amend the Complaint need not be reached.
 
 
 15
 The Equal Protection Clause directs that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). However, state legislation is "presumed to be valid." Id. at 440. To withstand an equal protection or due process challenge, a legislative classification that operates disparately among individuals and that does not impact upon a suspect class or a fundamental right need only be rationally related to a legitimate governmental interest. Chapman v. United States, 500 U.S. 453, 111 S.Ct. 1919, 1927 (1991); United States v. Austin, 981 F.2d 1163, 1165 (10th Cir.1992), cert. denied, 113 S.Ct. 1859 (1993). Individuals convicted of a crime do not constitute a suspect class. United States v. Smith, 818 F.2d 687, 691 (9th Cir.1987); Baer v. City of Wauwatosa, 716 F.2d 1117, 1125-1126 (7th Cir.1983). Moreover, there is no right to release from prison before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Thus, only a rational basis is required for a classification pursuant to a state statute that affects the sentences of convicted felons in a disparate manner.
 
 
 16
 The Act is designed to provide the executive branch with an administrative option to reduce overcrowding in the Oklahoma prison system. It provides that the Department of Corrections shall request the Governor to declare a state of emergency in state prisons whenever the population of the prison system exceeds 95% of capacity for 30 consecutive days. The Act further sets out that a prison overcrowding state of emergency shall be in effect unless the Governor finds otherwise within 15 days of the request. On the emergency date, the Director of the Oklahoma Department of Corrections grants 60 days of emergency time credit to any person confined in the prison system who is: (1) classified as medium security or any lower security level; (2) incarcerated for a nonviolent offense; and (3) not incarcerated for a second or subsequent offense under the provisions of Okla.Stat., tit. 21, Secs. 51 and 52, which provide for enhanced punishment for habitual offenders. Okla.Stat. tit. 57, Sec. 573 (West 1991).
 
 
 17
 Plaintiff does not allege that the classification within the Act itself, e.g., on its face, operates to deprive him of constitutional guarantees. Even if he did allege an equal protection deprivation because he is being denied emergency time credits under the statute's classification while other similarly situated inmates receive the credits, the claim is without legal merit. The Act reflects the rational determination of the Oklahoma legislature that inmates who are classified higher than medium security level, violent offenders, or habitual offenders should remain incarcerated for a longer period of time than those inmates who qualify for emergency time credits. This classification rationally serves the state's interest in preserving the security of its citizens. As a matter of law, the Act does not violate the Equal Protection Clause.
 
 
 18
 Plaintiff, however, takes a "quantum leap" in logic to argue that the Act violates equal protection and due process guarantees because prosecutors have broad discretion in charging individuals with offenses and in plea-bargaining with defendants. The hypothetical argument is that prosecutors make charging decisions that "selectively" deny certain inmates the opportunity to earn emergency time credits, which decisions thereby "void" or "circumvent" the state's interest in its classification system set forth in the Act.
 
 
 19
 The law is clearly established that a prosecutor's "decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). To be sure, the exercise of prosecutorial discretion is subject to constitutional constraints under the Equal Protection Clause: "the decision to prosecute may not be 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' " Wayte v. United States, 470 U.S. 598, 608 (1985) (citations omitted). This standard requires that an accused "show both that the [alleged selective] enforcement [decision] had a discriminatory effect and that it was motivated by a discriminatory purpose." Id. See Snowden v. Hughes, 321 U.S. 1, 8 (1974) (to prevail on equal protection claim that facially neutral statute is being applied unequally, "intentional or purposeful discrimination" must be shown). In the absence of evidence the prosecutor deliberately chose to prosecute because of the individual's religion or some other improper factor, the prosecutor's "conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Oyler v. Boles, 368 U.S. 448, 456 (1962).
 
 
 20
 Plaintiff does not claim that any discriminatory purpose motivated prosecutors in charging him with an offense. Plaintiff's claim is that the benefits of the Act may not be available to some inmates because they are convicted as habitual offenders or violent offenders or are classified higher than medium security because the prosecutor decided to charge them with an offense that took them out of the boundaries of the Act. The conjectural connection between prosecutorial discretion and the classification system in the Act is just too attenuated to present a viable legal theory under the Constitution. The Equal Protection Clause does not guarantee that state laws have an identical effect or impact on all citizens. In the same vein, the Equal Protection Clause does not require that prosecutors take into account, when deciding whether or not to prosecute or what charge to prosecute, the manner in which the offender's subsequent sentence is executed under valid legislative classifications. Even assuming a prosecutor is influenced in a charging decision by the punishment that may be assessed upon conviction, "this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause." United States v. Batchelder, 442 U.S. 114, 125 (1979).
 
 
 21
 Because Plaintiff's equal protection/due process claim is based on an "indisputably meritless legal theory," it is frivolous and dismissable under Sec. 1915(d). Additionally, Plaintiff has not made a rational argument based in law or fact with his vague claim that he "is being confined under conditions in violation of the Eighth Amendment." Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists").
 
 RECOMMENDATION
 
 22
 In accordance with the foregoing, it is the recommendation of the undersigned that the Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. Sec. 1915(d). The parties are advised of their right to object to this Report and Recommendation by July 5, 1994, in accordance with 28 U.S.C. Sec. 636 and Local Court Rule 39. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir.1991).
 
 
 23
 This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.
 
 
 24
 /s/ Gary M. Purcell
 
 GARY M. PURCELL
 United States Magistrate Judge
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470