_____

No. 96-2274
_____

United States of America,                    *
                                              *
          Appellee,                           *
                                              *  Appeal  from  the  United  States
     v.                                       *  District Court for the
                                              *  District of Nebraska.
Virgil Haskins,                               *
                                              *      **[UNPUBLISHED]**
          Appellant.                          *


_____

                   Submitted:  October 18, 1996

                       Filed:  October 22, 1996
                                  _____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
                                  _____

PER CURIAM.


     Virgil Haskins appeals the 70-month sentence imposed by the district
court[1] after he pleaded guilty to conspiring, between January 1991 and
January 1994, to distribute and possess with intent to distribute cocaine
and cocaine base.  We affirm.


     Haskins's presentence report recommended a total offense level of 25,
a Category III criminal history, and a Guidelines sentencing range of 70 to
87 months.  Haskins objected to the recommended assessment of one criminal-
history point for a March 1992 conviction for possessing less than one ounce
of marijuana; one point for a March 1995 conviction for possessing drug
paraphernalia and less than one ounce of marijuana; and two points for
another March 1995

_____

     [1]The Honorable Lyle E. Strom, United States District Judge for the
District of Nebraska.

conviction for obstructing the administration of law and possessing less than one ounce of marijuana.  He argued that possession of marijuana was "relevant conduct" to the instant conspiracy offense, and that the court should consider the weight of the marijuana as part of the drug-quantity calculation, rather than give him criminal-history points for these convictions.  The court overruled his objection.

In determining whether conduct that resulted in a conviction should affect a defendant's base offense level rather than his criminal history category, a court should consider several factors, including the temporal and geographic proximity of the offenses; whether there were common victims, accomplices, or purposes; and whether there was a common criminal plan or intent.  See U.S.S.G. § 1B1.3, comment. (n.9); United States v. Blumberg, 961 F.2d 787, 792 (8th Cir. 1992).  We conclude the district court did not clearly err in refusing to treat Haskins's marijuana convictions as relevant conduct, because they were not sufficiently connected to the cocaine conspiracy to warrant the conclusion that they were part of the same course of conduct.  See United States v. Sheahan, 31 F.3d 595, 599 (8th Cir. 1994) (standard of review); United States v. Lewis, 987 F.2d 1349, 1355-56 (8th Cir. 1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-