99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Virgil HASKINS, Appellant.
 No. 96-2274.
 United States Court of Appeals, Eighth Circuit.
 Submitted: October 18, 1996
Filed: October 22, 1996
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Virgil Haskins appeals the 70-month sentence imposed by the district court[1] after he pleaded guilty to conspiring, between January 1991 and January 1994, to distribute and possess with intent to distribute cocaine and cocaine base. We affirm.
 
 
 2
 Haskins's presentence report recommended a total offense level of 25, a Category III criminal history, and a Guidelines sentencing range of 70 to 87 months. Haskins objected to the recommended assessment of one criminal-history point for a March 1992 conviction for possessing less than one ounce of marijuana; one point for a March 1995 conviction for possessing drug paraphernalia and less than one ounce of marijuana; and two points for another March 1995 conviction for obstructing the administration of law and possessing less than one ounce of marijuana. He argued that possession of marijuana was "relevant conduct" to the instant conspiracy offense, and that the court should consider the weight of the marijuana as part of the drug-quantity calculation, rather than give him criminal-history points for these convictions. The court overruled his objection.
 
 
 3
 In determining whether conduct that resulted in a conviction should affect a defendant's base offense level rather than his criminal history category, a court should consider several factors, including the temporal and geographic proximity of the offenses; whether there were common victims, accomplices, or purposes; and whether there was a common criminal plan or intent. See U.S.S.G. § 1B1.3, comment. (n.9); United States v. Blumberg, 961 F.2d 787, 792 (8th Cir.1992). We conclude the district court did not clearly err in refusing to treat Haskins's marijuana convictions as relevant conduct, because they were not sufficiently connected to the cocaine conspiracy to warrant the conclusion that they were part of the same course of conduct. See United States v. Sheahan, 31 F.3d 595, 599 (8th Cir.1994) (standard of review); United States v. Lewis, 987 F.2d 1349, 1355-56 (8th Cir.1993).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska