**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4897

GERALD D. STRONG,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-96-91-DKC)

Submitted: September 30, 1997

Decided: November 17, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. Gigliotti, Fulton, Maryland, for Appellant. Loretta C.
Argrett, Assistant Attorney General, Robert E. Lindsay, Alan Hecht-
kopf, Gregory Victor Davis, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald D. Strong was convicted by a jury of willfully failing to file income tax returns for 1989, 1990, and 1991, in violation of 26 U.S.C. § 7203 (1994), and received a sentence of twelve months imprisonment. He was acquitted on three counts of tax evasion. Strong appeals his conviction, arguing that the district court abused its discretion in excluding testimony concerning a stroke he suffered in late August 1993 and in its response to a jury question about a tax "amnesty" program. He also contends that the district court clearly erred in denying him an adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual, § 3E1.1 (1995). We affirm the conviction and sentence.

Strong applied for extensions of time to file his tax returns for each of the years in question, but each time falsely represented that he owed no tax. The extensions were granted, giving Strong an extra year to file each return. However, he never filed them. Internal Revenue Service Agent John Robertson testified at trial that he met with Strong in June 1993 and advised him that he was the subject of a criminal investigation. Subsequently, Strong completed his tax returns for the years 1988, 1989, 1990, and 1991 and delivered them to Robertson. Under cross-examination by defense counsel, Robertson testified that Strong delivered the 1988 and 1989 returns in mid-August 1993 and delivered the 1990 and 1991 returns in October 1994. When Strong's attorney asked why the 1990 and 1991 returns were delivered over a year later, the government objected. Defense counsel proffered that Strong had suffered a stroke and was unable to complete the last two returns until he had sufficiently recovered. The government argued that the stroke was not relevant because it occurred well after the crimes had been completed. The district court sustained the government's objection.

2

The trial court's evidentiary decisions are reviewed for abuse of discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Because Strong's 1993 stroke did not make his willful failure to timely file tax returns for the years 1989-91 any more or less probable, it was irrelevant to the issue before the jury. Consequently, the district court did not abuse its discretion in excluding this evidence.

Strong maintained at trial that his failure to file was negligent rather than willful. He testified that in 1992 or 1993 he read about an "amnesty" program for delinquent filers and at that time decided to complete and submit his tax returns. He said he was working on his returns when Agent Robertson contacted him. Other than his testimony, there was no evidence of any amnesty program for delinquent filers[1] or that he had actually begun work on his returns when he was first interviewed by Agent Robertson. During jury deliberations, the jury sent out a note asking for more information about the "Amnesty Period." The district court responded that the amnesty program involved a matter of law and was not a matter of concern for the jury.[2]

When a jury makes clear that it is having difficulties, the trial court should "clear them away with concrete accuracy." United States v. Ellis, ___ F.3d ___, 1997 WL 438752, at *14 (4th Cir. Aug. 6, 1997) (quoting Bollenbach v. United States, 326 U.S. 607 (1946)). At the same time, "the court must be careful not to invade the jury's prov-

_____

[1] The government asserts on appeal that the IRS has a voluntary disclosure program which was publicized in 1992. The program does not provide immunity from prosecution, but the voluntary disclosure is a factor which is taken into consideration, as a matter of internal IRS practice, in deciding whether to recommend criminal prosecution.

[2] The parties have not chosen to include this portion of the trial transcript in the joint appendix or supplemental appendix. Because they appear to be in general agreement about the question and the court's response, we have not resorted to the original transcript to resolve the issue.

3

ince as fact finder." <u>Ellis</u>, 1997 WL 438752 at \*14 (quoting <u>United States v. Blumberg</u>, 961 F.2d 787, 790 (8th Cir. 1992)). Here, although the government did not object to Strong's testimony about the supposed "amnesty" program, the existence of such a program was not relevant to the issue of his guilt or innocence because Strong learned of it only after he completed the crime of failing to file his tax returns in a timely fashion. The court thus properly instructed the jury that it was not a matter for them to consider.

Last, Strong maintains that the district court clearly erred in finding that an adjustment for acceptance of responsibility would be "totally inappropriate." The court cited the commentary to guideline section 3E1.1, which provides that the adjustment is not intended to apply to a defendant who goes to trial maintaining his factual innocence as Strong did. <u>See</u> USSG § 3E1.1, comment. (n.2). Strong argues that he earned the adjustment by offering to enter into plea negotiations concerning the failure to file counts. He maintains that he did not plead to those counts because of the government's intention to charge him with tax evasion as well. In any event, Strong did go to trial asserting his innocence on all counts. In this circumstance, we find that the district court did not clearly err in denying him the adjustment.

The sentence is therefore affirmed.**3** We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**3** Strong's sentencing range was 12-18 months. The statutory maximum for each of the three counts of conviction was 12 months. The district court imposed a 12-month sentence in the belief that it could not impose more. Had the court wished to impose a higher sentence, it had authority under U.S.S.G. § 5G1.2(d) to impose a consecutive sentence on one of the counts to the extent necessary to produce a sentence of up to 18 months. However, the government has not claimed error in this regard.

4