**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dwayne FREEMAN,
Defendant-Appellant.**

Nos. 85–7615, 86–7002.

United States Court of Appeals,
Eleventh Circuit.

Dec. 4, 1986.

Margaret L. Givhan, Montgomery, Ala. (Court-appointed), for defendant-appellant.

John C. Bell, U.S. Atty., Kent B. Brunson, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before HILL and HATCHETT, Circuit Judges, and THOMAS *, Senior District Judge.

HILL, Circuit Judge:

Appellant Dwayne Freeman challenges his conviction of bank robbery under 18 U.S.C. § 2113(b), (d) (1982). At trial, the facts surrounding the robbery and the defendant's guilt were never at issue. Freeman merely contests the trial court's determination that the defendant was sane at the time of the offense. Freeman bases his appeal upon two grounds. First, he challenges the constitutionality of the Insanity Defense Reform Act of 1984, Pub.L. No. 98–473, § 402, 98 Stat. 1837, 2057 (codified at 18 U.S.C.A. § 20 (Supp.1986); Fed. R.Evid. 704(b)). Second, Freeman asserts that as a matter of law, he has established his insanity by clear and convincing evidence. We reject both of the defendant's arguments.

■ The Insanity Defense Reform Act produced three principal changes to the insanity defense in federal courts. First, the definition of insanity was restricted so that a valid defense only exists where the defendant was "unable to appreciate the nature and quality or the wrongfulness of his acts" at the time of the offense. The amendment thus eliminated the volitional prong of the defense; prior to the act, a defendant could assert a valid defense if he were unable to appreciate the nature of his act *or* unable to conform his conduct to the requirements of law. *See United States v. Weeks*, 716 F.2d 830 (11th Cir.1983). The second change produced by the Act resulted in a shifting of the burden of proof from the government to the defendant. Prior to the Act, the government was required to prove beyond a reasonable doubt that the defendant was sane at the time of the offense. *See Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). Under the current act, the defendant must prove his insanity by clear and convincing evidence to escape criminal liability. The third change prohibits experts for either the government or defendant from testifying as to the ultimate issue of the accused's sanity. The act changes Federal Rules of Evidence 704 so as to provide:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed.R.Evid. 704(b).

The defendant's principal contention concerning the constitutionality of the act pertains to the burden of proof being placed upon the defendant. The nineteenth century decision of *Davis v. United States*, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895), established that the prosecution must prove the defendant's sanity beyond a reasonable doubt in federal cases. The Supreme Court, however, has pointed out that *Davis* is not a constitutional ruling, but an exercise of the Supreme Court's supervisory power over prosecutions in federal court. *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation

In *Leland*, the Supreme Court held that a state could constitutionally require a defendant to prove insanity beyond a reasonable doubt. Subsequent to *Leland*, the Supreme Court in *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), held that a juvenile cannot be confined to a correctional facility where a delinquency adjudication is based upon a preponderance of the evidence: "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." The apparent inconsistency between *Leland* and *Winship* led one commentator to question the continuing validity of *Leland*. *See* W. LaFave & A. Scott, Criminal Law § 8, at 48 (1972). Such an analysis would be further supported by the Court's decision in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), which held that a homicide defendant could not be required to prove heat of passion by a fair preponderance of the evidence in order to reduce the crime of murder to manslaughter. The Supreme Court, however, has repeatedly reaffirmed the *Leland* holding. *See Rivera v. Delaware*, 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976) (request to overrule *Leland* dismissed for want of substantial federal question); *see also Jones v. United States*, 463 U.S. 354, 368 n. 17, 103 S.Ct. 3043, 3051 n. 17, 77 L.Ed.2d 694 (1983) (citing *Leland* with approval); *Engle v. Isaac*, 456 U.S. 107, 122 n. 23, 102 S.Ct. 1558, 1568 n. 23, 71 L.Ed.2d 783 (1982) (citing *Leland* with approval); *Patterson v. New York*, 432 U.S. 197, 207, 97 S.Ct. 2319, 2325, 53 L.Ed.2d 281 (1977) (citing *Leland* with approval); *Williams v. Wainwright*, 712 F.2d 1375 (11th Cir.1983) (indicating that a state may make insanity an affirmative defense to be proved by defendant).

At oral argument, Freeman attempted to distinguish *Leland* by urging this court to adopt stricter constitutional standards for federal courts than that required for state courts under *Leland*. The only suggestion we can find indicating that federal courts may discover stricter constitutional requirements for federal criminal trials than

state criminal trials is *United States v. Mitchell*, 725 F.2d 832, 835 n. 5 (2d Cir. 1983). To the extent that *Mitchell* goes beyond observing that the Bill of Rights were only partially incorporated by the fourteenth amendment, we disagree with it. No logical basis exists to distinguish between a state legislature's constitutional power to require a defendant to prove insanity and the United States Congress' power to require a defendant to prove insanity. The United States Constitution does not draw meaningless distinctions. Therefore, *Leland* compels a holding that the aspect of the Insanity Reform Act of 1984 requiring a defendant to prove insanity by clear and convincing evidence is constitutional.

■ Additionally, we hold that the Act's restriction against opinion testimony as to the ultimate issue of insanity does not restrict the defendant in the preparation of his defense in violation of the fifth amendment. Federal Rule of Evidence 704 merely reserves for the jury the authority to determine the sanity of the accused under the statutory standards. The defendant is not prohibited from introducing evidence which would assist the jury in making this determination. Furthermore, the restriction on testimony going to the ultimate issue is applicable to the government, as well as the defendant. There is no constitutional violation.

■ The definitional change of insanity brought about by the Insanity Reform Act does not violate the defendant's constitutional rights. Admittedly, under the new statute, a defendant who is unable to conform his actions to the requirements of law may be convicted of a crime. Such a conviction, however, does not constitute cruel and unusual punishment. A primary reason that the definition of insanity was altered by the Insanity Reform Act is that psychiatrists themselves are unable to agree upon the meaning of "an irresistible impulse." *See* S.Rep. 225, 98th Cong., 2d Sess. 226–29, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3408–11. In light of the uncertain nature of psychiatric theory in this area, we decline to alter Congress' decision that society must be pro-

tected from individuals who may be unable to conform their conduct to the law. When psychiatrists are unable to diagnose, much less treat, such individuals, it is not cruel and unusual punishment for Congress to restrict the defense of insanity to those persons who are capable of proving that they did not understand the nature and quality of the act committed.

■ Freeman additionally contends that he has established his insanity by clear and convincing evidence. Dwayne Freeman asserted that he was an enthusiastic volunteer for the "Save the Children" campaign to feed starving children in drought stricken Ethiopia. Freeman's evidence was that he degenerated to the point of obsession. He then became depressed about not raising enough money for the children. On February 26, 1985, Freeman robbed a bank, allegedly to obtain money for the Ethiopia fund.

The district court found that the defendant had failed to prove by clear and convincing evidence that he was unable to appreciate the nature and quality of his acts at the time of the offense:

We turn then to the question of what we commonly call insanity. The fact that immediately after the robbery was done while he was in disguise, he fled; that after a change of clothes he was accosted by a policeman from whom he ran in an attempt to avoid apprehension; that during the bank robbery he threatened to kill all of the bank employees if they reported the robbery, and his statements after his arrest—that is, immediately after his arrest—showing that he knew that he had done wrong, that he didn't know why he did it, that he badly needed money, that his family badly needed money and he was disappointed with himself, all tend to show that he knew what he did was wrong....

The court ... finds that defendant Freeman has failed to establish by clear and convincing evidence that as a result of a severe mental disease or defects he was unable to appreciate the nature and quality of or the wrongfulness of his action. The Court therefore, finds the defendant Dwayne Freeman guilty of

bank robbery as charged in the indictment.

Trial Transcript at 207–08. This finding of fact is not clearly erroneous. *See McCleskey v. Kemp,* 753 F.2d 877 (11th Cir.1985).

A psychiatric team from the federal institute at Springfield, Missouri did conclude that Freeman was suffering from severe mental illness and was manic depressive or possibly schizophrenic. Additionally, Freeman presented evidence showing that he had been hearing noises and was experiencing severe depression prior to the robbery. Ample evidence exists, however, indicating that Freeman knew his conduct was wrongful. The evidence shows Freeman changed his clothes after robbing the bank to avoid identification. Freeman employed a mask, handgun, and satchel to execute the robbery and avoid apprehension. He informed bank personnel that if the police were called, he would come back and kill everyone. When spotted by police, Freeman ran to avoid apprehension. Finally, Freeman's probation officer observed Freeman's demeanor as being entirely appropriate following his arrest. The district court's decision was not clearly erroneous.

We therefore AFFIRM the district court's decision.