7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Wesley TURNER, Defendant-Appellant.
 No. 92-5408.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 9, 1993.
Decided: September 28, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-91-28-5)
 Douglas P. Connor, Mt. Olive, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, William D. Delahoyde, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Wesley Turner appeals from his conviction on two charges of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (1988). Because we find no error below, we affirm.
 
 
 2
 Turner complains that the district court failed to suppress the fruits of three allegedly unlawful searches.[1] However, the record reveals that two of the searches were incident to lawful arrests of Turner. Such searches are constitutionally valid. Chimel v. California, 395 U.S. 752 (1969). Also, the third search was performed pursuant to Turner's consent during a valid Terry[2] stop. That search was also constitutionally valid. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). Thus, the district court did not err in admitting at trial the evidence obtained from the searches.
 
 
 3
 Turner next complains that the district court erred in rejecting his insanity defense. Turner bore the burden of proving insanity by clear and convincing evidence. 18 U.S.C. § 17(b) (1988). We review the district court's finding on the insanity defense only for clear error. United States v. Freeman, 804 F.2d 1574, 1577 (11th Cir. 1986). Three psychology experts testified at trial. One opined that Turner was insane at the time he committed the offenses. Two opined that Turner was not insane at the time of the offenses. The district court did not err in finding, in light of this evidence, that Turner was not insane at the time of the crimes.
 
 
 4
 Finally, Turner complains that the district court improperly failed to depart downward from the sentencing range established by the United States Sentencing Guidelines as a result of Turner's mental state. Failure of the district court to depart downward from the applicable guidelines range is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244) (U.S. 1990). Thus, this claim is without merit.
 
 
 5
 The district court did not err in denying Turner's suppression motions or in finding against Turner on his insanity defense. Therefore, the district court's order is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Although the Government's case was presented by stipulation, Turner's counsel preserved the suppression issue by noting to the district court that he desired to enter the stipulations only on the condition that the suppression issues be appealable. Thus, the substance of Turner's contentions is properly before this Court. See United States v. Mendoza, 491 F.2d 534, 536-38 (5th Cir. 1974)
 
 
 [2]
 Terry v. Ohio, 392 U.S. 1 (1968)