UNITED STATES of America,

v.

David Earl WATTLETON, Defendant.

No. Crim.A. 1:99–CR306–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 29, 2000.

Brian Mendelsohn, Federal Defender Program, Atlanta, GA, for defendant.

Gregory Stuart Smith, Federal Defender Program, Atlanta, GA, for defendant.

## ORDER

THRASH, District Judge.

This is a criminal case in which Defendant was indicted for making telephonic bomb threats in violation of 18 U.S.C. § 844(e). He entered a plea of not guilty. The jury found Defendant not guilty only by reason of insanity. The case came before the Court for a post-trial hearing pursuant to 18 U.S.C. § 4243. The purpose of the hearing was to determine whether Defendant's release would create a substantial risk of bodily injury to another person or serious damage to another's property. At the conclusion of the hearing, the Court found that the Defendant's release would create a substantial risk of bodily injury to another person. Defendant contends that Section 4243(d), which

shifts the burden of proof in these hearings to the defendant, unconstitutionally violates the Due Process Clause of the Fifth Amendment. For the reasons set forth below, the Court concludes that Defendant's due process rights are not violated by shifting the burden of proof to him in a Section 4243 hearing.

## I. BACKGROUND

Defendant David Earl Wattleton was charged with four counts of telephonic bomb threats in violation of 18 U.S.C. § 844(e). The Court conducted a trial on the charges June 6–8, 2000. The government and the Defendant presented testimony from mental health professionals, both of whom agreed that the Defendant had a mental disease resulting in a paranoid delusional disorder. The government did not seek a guilty verdict against Defendant, but instead asked that the jury return a verdict of not guilty only by reason of insanity. The Defendant sought a not guilty verdict on the grounds that his mental disease made it impossible to form the specific intent required to violate 18 U.S.C. § 844(e). The jury returned a verdict that Defendant was not guilty only by reason of insanity on all four counts. Because of this verdict, Defendant was committed to Butner Federal Correctional Institution until the Court could conduct a hearing as to his dangerousness pursuant to 18 U.S.C. §§ 4243 and 4247. The Court scheduled the hearing for July 19, 2000, but granted Defendant's request for a continuance until August 9, 2000. At the commencement of the August 9 hearing, Defendant for the first time raised the issue that 18 U.S.C. § 4243(d) unconstitutionally violates the Fifth Amendment's Due Process Clause by shifting the burden of proof required at the hearing to the defendant. The Court heard Defendant's argument on the issue and the government's response. After hearing the arguments, the Court concluded that shifting the burden of proof to the defendant in a Section 4243 hearing does not violate his due process rights for two reasons. First, the jury in the criminal trial found beyond a reasonable doubt that Defendant committed a criminal act. Second, the jury found by clear and convincing evidence that Defendant was insane at the time he committed the criminal act. At the conclusion of the hearing, the Court found that Defendant was suffering from a severe mental disease and that his release would create a substantial risk of bodily injury and property damage to other persons. Consequently, the Court ordered the Defendant committed pursuant to 18 U.S.C. § 4243(e). The Court enters this written order to explain its decision that 18 U.S.C. § 4243(d) does not violate a defendant's due process rights by shifting the burden of proof as to dangerousness to the defendant.

## II. DISCUSSION

The Insanity Defense Reform Act, 18 U.S.C. § 4243, which Congress enacted in 1984, provides for the mandatory hospitalization of defendants found not guilty of federal crimes by reason of insanity. Once the special verdict of not guilty only by reason of insanity is rendered in a case, the Act provides that the defendant shall be committed to a suitable facility for care and treatment until he is eligible for release. 18 U.S.C. § 4243(a). The defendant must be granted a hearing no later than 40 days after the verdict to determine whether his release endangers others or their property. 18 U.S.C. § 4243(c). The hearing is to be conducted in accordance with the procedures set forth in 18 U.S.C. § 4247(d). Importantly, the burden of proof in this hearing rests not with the government, but with the defendant:

(d) Burden of proof.—In a hearing pursuant to subsection (c) of this section, a person found not guilty only by reason of insanity of an offense involving bodily injury to, or serious damage to the property of, another person, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convincing evidence that his release

would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. With respect to any other offense, the person has the burden of such proof by a preponderance of the evidence.

18 U.S.C. § 4243(d). If the defendant fails to meet his burden of proof, the court must commit him to the custody of the Attorney General of the United States for care and treatment. 18 U.S.C. § 4243(e); *United States v. Clark*, 893 F.2d 1277, 1281 (11th Cir.1990).

■ Defendant contends that 18 U.S.C. § 4243(d), which shifts the burden in the post-trial hearing to defendants, is an unconstitutional infringement of the Due Process Clause of the Fifth Amendment. Defendant contends that even if this burden-shifting is not unconstitutional in the typical case where the defendant raises the insanity issue, it is unconstitutional in this case because the government requested the insanity verdict. The Court disagrees.

■ First, as to the preliminary matter of statutory interpretation, Congress plainly shifted the burden of proof at the post-trial hearing to the defendant, regardless of whether the defendant or government raised the issue at trial. The statute states that the "person found not guilty only by reason of insanity … has the burden of proof…." 18 U.S.C. § 4243(d). The statute does not qualify this burden based on which party sought the insanity verdict at trial. According to the statute's plain terms, the burden always rests with the defendant. Thus the statute's plain meaning supports the conclusion that the burden of proof rests with the defendant even if the government sought the insanity verdict.

Second, the United States Supreme Court and the Eleventh Circuit Court of Appeals have long held that Congress is authorized to shift the burden of proof regarding insanity to the defendant, even in the criminal trial itself. *Leland v. Ore-* *gon*, 343 U.S. 790, 799, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); *United States v. Freeman*, 804 F.2d 1574, 1576 (11th Cir.1986); *see also Medina v. California*, 505 U.S. 437, 448, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) (citing *Leland* with approval); *Walton v. Arizona*, 497 U.S. 639, 650, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) (same); *Reed v. Ross*, 468 U.S. 1, 18, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (same); *Jones v. United States*, 463 U.S. 354, 368 n. 17, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983) (same); *Engle v. Isaac*, 456 U.S. 107, 122 n. 23, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (same); *Patterson v. State of New York*, 432 U.S. 197, 207, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) (same); *Williams v. Wainwright*, 712 F.2d 1375, 1377 (11th Cir.1983) (indicating that a state may make insanity an affirmative defense that defendant must prove). There is no persuasive reason to afford a defendant greater protection at the post-trial hearing, where his criminal culpability is no longer the issue, than at the trial itself. This is especially true since the issue at the post-trial hearing is only whether the defendant continues to suffer from a mental disability that would endanger others or their property.

■ Third, while neither the Supreme Court nor the Eleventh Circuit has addressed specifically whether Section 4243(d) is unconstitutional, two other circuits have confronted the issue and concluded that the statute is constitutional. In *United States v. Wallace*, 845 F.2d 1471, 1474 (8th Cir.1988), the Eighth Circuit Court of Appeals held that Section 4243(d) does not violate the Due Process Clause because it satisfies the three-factor test the Supreme Court provided in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Whether procedures satisfy due process depends on the balancing of (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation; and (3) the government's interest, taking into account the fiscal and administrative burdens the government will incur if saddled

with additional procedural requirements. *Id.* As to the first factor, the Eighth Circuit concluded that while commitment under Section 4243 restricts one's liberty, confinement does provide hospitalization, care and treatment. *Wallace,* 845 F.2d at 1474. Turning to the second factor of possible erroneous deprivation, the Eighth Circuit concluded that the risk of error is lessened since the defendant herself advanced insanity as a defense and proved that the criminal act was the product of mental illness. *Id.* Thus, it is unlikely the defendant is being confined for mere "idiosyncratic behavior." *Id.* (citing *Addington v. Texas,* 441 U.S. 418, 426–27, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)). As to the final *Mathews* factor, the court emphasized the government's strong interest in avoiding relitigation of the defendant's criminal trial. *Id.* After analyzing the factors, the Eighth Circuit concluded that Section 4243(d) does not violate due process in the typical case where the defendant himself has raised the insanity issue. Four years later, the Ninth Circuit agreed with the Eighth Circuit and adopted *Wallace*'s reasoning. *United States v. Phelps,* 955 F.2d 1258, 1267 (9th Cir.1992). This Court likewise finds both the *Wallace* holding and the analysis persuasive in cases where the defendant advances the insanity issue at trial.

The Eleventh Circuit has held that *Mathews* provides the guidelines for determining the process required to protect the liberty interests of committed acquittees. *Benham v. Ledbetter,* 785 F.2d 1480,1487 (11th Cir.1986). Applying the *Mathews* factors the Eleventh Circuit has held that due process does not forbid placing the burden of proof on the insane defendant at a habeas proceeding to prove by a preponderance of the evidence that he is no longer mentally ill or dangerous. *Williams v. Wallis,* 734 F.2d 1434, 1440 (11th Cir. 1984).

█ Following the lead of the Eleventh Circuit, the Court's independent analysis of the three-factor due process test out-

lined in *Mathews* supports the conclusion that Congress did not unconstitutionally shift the burden of proof at the post-trial hearing to the defendant even in cases where the not guilty only by reason of insanity verdict is sought by the government rather than the defendant. As to the first *Mathews* factor of the private interest that will be affected by the action, the Court does not dispute Defendant's contention that commitment restricts individual liberty. "It is clear that 'commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.'" *Jones v. United States,* 463 U.S. 354, 361, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983) (citing *Addington v. Texas,* 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)). Nevertheless, as the Eighth Circuit noted in *Wallace,* the concern for Defendant's private interest is lessened in this case by the fact that he will receive the benefit of hospitalization, care and treatment that hopefully will allow him to become a productive member of society. *Wallace,* 845 F.2d at 1474.

As to the second factor of possible erroneous deprivation, Defendant contends the risk of erroneous deprivation is greater here than in *Wallace* because the government sought the not guilty by reason of insanity verdict in this case. Defendant emphasizes that, in analyzing the second *Mathews* factor in *Wallace,* the Eighth Circuit implied that the risk of erroneous deprivation was low only because the defendant himself had advanced insanity as a defense at trial. *Id.* ("Here, the § 4243 hearing follows only after the acquittee herself has advanced insanity as a defense proving that her criminal act was the product of her mental illness. Thus, 'there is good reason for diminished concern as to the lack of error.'" (Citations omitted.)). First, Defendant's interpretation of the facts is somewhat incomplete. Even though the government sought the insanity verdict in this case, Defendant presented evidence and argued that he had a mental

illness that caused him to commit the crimes charged in the indictment.

Additionally, the Court does not interpret the Eighth Circuit's lessened concern of erroneous deprivation as resulting only from the defendant raising the issue as opposed to the government. Instead, the Eighth Circuit was stating that the concern of erroneous deprivation is lessened anytime a jury finds a defendant not guilty only by reason of insanity. This interpretation is supported by the *Wallace* opinion's statement that proof of insanity at a criminal trial eliminates concern that the defendant is being committed for nothing more than "idiosyncratic behavior." *Id.* This interpretation is also supported by the United States Supreme Court's holding in *Jones v. United States,* 463 U.S. 354, 363, 367, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983), a case on which *Wallace* heavily relies. There the Supreme Court held that a verdict in a criminal trial of not guilty only by reason of insanity establishes two facts: "(i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness." *Id.* at 363, 103 S.Ct. 3043. The Court concluded that "[t]he fact that a person has been found, beyond a reasonable doubt, to have committed a criminal act certainly indicates dangerousness, and [i]t comports with common sense to conclude that someone whose mental illness was sufficient to lead him to commit a criminal act is likely to remain ill and in need of treatment." *Id.* at 365, 366, 103 S.Ct. 3043. The risk of erroneous deprivation, therefore, is lessened anytime a defendant has been found not guilty only by reason of insanity at a criminal trial. The fact that a person has been found, beyond a reasonable doubt, to have committed a criminal act in itself indicates dangerousness.

The *Jones* decision was followed by the Eleventh Circuit in *Benham v. Ledbetter,* 785 F.2d 1480, 1491–92 (11th Cir.1986), where the Eleventh Circuit Court of Appeals held that a Georgia law similar to the federal law at issue in this case did not violate due process by shifting the burden of proof in a commitment hearing to the defendant. While noting that *Jones* did not address the specific issue of burden of proof, the Eleventh Circuit concluded that placing it on the defendant does not violate federal constitutional protections. *Id.* As further support that the risk of erroneous deprivation is lessened here, the Court notes that "[n]othing contained in section 4243 or 4246 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his decision." 18 U.S.C. § 4247(g). Thus, the habeas corpus laws of this country further protect defendants who believe that they have been illegally committed.

In short, as to the risk of erroneous deprivation, there exists no reason to distinguish between a criminal trial where the government has advanced the insanity issue from one where the defendant has done so. Indeed, it seems that there is even less of a constitutional issue in a case such as this where the government advanced Defendant's insanity at the criminal trial. Even though the burden of proof is not placed on the government at the post-trial hearing, the government voluntarily took on the task of arguing Defendant's insanity once already. All the above factors taken together lessen the risk that a defendant will suffer an erroneous deprivation of liberty at a Section 4243 post-trial hearing.

As to the third factor of governmental interest, the Court believes that the government has a strong interest in preventing dangerous criminal acts to its citizens. This strong interest is reflected in the Eleventh Circuit's admonition that a trial judge possesses "awesome responsibility to the public to ensure that a clinical patient's release is safe." *United States v. Clark,* 893 F.2d 1277, 1282 (11th Cir.1990). Furthermore, as the Supreme Court noted in *Jones,* the government has a "strong interest in avoiding the need to conduct a *de*

*novo* commitment hearing following every insanity acquittal. . . ." *Jones,* 463 U.S. at 366, 103 S.Ct. 3043. "The purpose of commitment following an insanity acquittal, like that of civil commitment, is to treat the individual's mental illness and protect him and society from his potential dangerousness ." *Id.* at 368, 103 S.Ct. 3043. Similarly, the *Wallace* court noted that the government possesses a strong interest in avoiding relitigation of the defendant's criminal trial. *United States v. Wallace,* 845 F.2d 1471, 1474 (1988). This would seem especially true where the government itself already advanced the argument at trial that the defendant is insane.

### III. CONCLUSION

For the reasons set forth above, 18 U.S.C. § 4243(d) does not violate the Due Process Clause of the Fifth Amendment by placing the burden of proof at a Section 4243 post-trial hearing on the defendant. Accordingly, Defendant's objection is OVERRULED.