# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 2, 2002 Session

# STATE OF TENNESSEE v. CHRISTOPHER M. FLAKE

### No. W2000-01131-SC-R11-CD

### FOR PUBLICATION

### OPINION DENYING PETITION FOR REHEARING - Filed October 24, 2002

The appellee, Christopher M. Flake, by and through counsel, has filed a petition to rehear the opinion of this Court filed August 29, 2002. As grounds for rehearing the petition asserts that the Opinion did not address another issue raised in Flake's brief, specifically, that the trial court erred in denying Flake's motion to suppress because Flake was not mentally capable of knowingly and intelligently consenting to a search or waiving his rights under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966).

While the appellee is correct that the August 29, 2002, Opinion did not explicitly address the suppression issue, this assertion is not grounds for rehearing. It is well-settled that "a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise." State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Id.; see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000). As such, "the prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" See State v. Carter, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998)).

Applying these principles, we are of the opinion that the evidence does not preponderate against the trial court's finding that the defendant was mentally capable of knowingly and intelligently consenting to a search and of waiving his rights under Miranda. Accordingly, Flake's assertion that the trial court erred in denying his motion to suppress is without merit.

Justice Anderson and Justice Birch continue to adhere to the views expressed in their initial dissenting opinion but concur in the denial of this petition for rehearing.

Accordingly, the petition to rehear is DENIED.

PER CURIAM