**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4423**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANK WILSON MOORE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-03-16-A)

———————

Submitted: March 30, 2005          Decided: May 3, 2005

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Dale Warren Dover, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, Mark A. Grider, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Frank Wilson Moore appeals his conviction for being a felon in possession of a firearm, in violation of § 922(g) (2000), and possession of an unregistered silencer, in violation of 26 U.S.C. §§ 5861, 5871 (2000).

Moore contends that the involuntary administration of antipsychotic drugs violated his due process rights. Because Moore failed to challenge the medical finding that such administration was necessary in the district court, the issue is reviewed for plain error. United States v. Maxton, 940 F.2d 103, 105 (4th Cir. 1991). To reverse for plain error, the court must: (1) identify an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993).

A mentally ill defendant may be involuntarily medicated to render him competent for trial if: (1) there are important governmental interests in trying the individual; (2) the treatment will significantly further those interests; (3) the treatment is necessary to further those interests, considering any less intrusive alternatives; and (4) the treatment is medically appropriate. Sell v. United States, 539 U.S. 166, 180-81 (2003). The district court's findings as to the first factor are legal in nature while the remaining inquiries are of a factual character.

United States v. Gomes, 387 F.3d 157, 159 (2d Cir. 2004). After careful consideration of the evidence, we conclude that the district court's legal and factual determinations were correct. Sell, 539 U.S. at 180-81. Accordingly we find no plain error. Brewer, 1 F.3d at 1434-35.

Moore also contends that the district court erred by prohibiting expert testimony as to his ability to appreciate the wrongfulness of his actions. A district court's rulings regarding the admission of expert testimony will not be reversed absent a clear abuse of discretion. United States v. Barsanti, 943 F.2d 428, 432 (4th Cir. 1991). Rule 704(b) provides that an expert witness in a criminal case may not "state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." Fed. R. Evid. 704(b). After careful review of the record, we conclude that the district court properly limited the expert testimony as required by Fed. R. Evid. 704(b). We further hold that Rule 704(b) does not violate due process. United States v. Abou-Kassem, 78 F.3d 161, 166 (5th Cir. 1996) (holding that Rule 704(b) does not violate due process); United States v. Austin, 981 F.2d 1163 (10th Cir. 1992); United States v. Blumberg, 961 F.2d 787 (8th Cir. 1992).

Accordingly, we affirm Moore's conviction and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED